James C. Shah (SBN 260435)
Kolin C. Tang (SBN 279834)
**MILLER SHAH LLP**
19712 MacArthur Blvd., Suite 222
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
       kctang@millershah.com

*Counsel for Plaintiff Eleanora C. Woods*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ELEANORA C. WOODS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENNKAR, INC.,<br><br>Serve registered agent:<br>CSC Lawyers Incorporated<br>1036 West Taft Avenue, Suite 200<br>Orange, California 92865<br><br>Defendants. | **CLASS ACTION**<br><br>Case No.: 8:21-cv-1646<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Eleanora C. Woods, individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant

Ennkar, Inc., states:

**BACKGROUND, PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Eleanora C. Woods ("Plaintiff" or "Woods"), brings this case to protect the privacy rights of herself and a class of similarly situated people who were called on their phones by Defendant, Ennkar, Inc. ("Defendant" or "Ennkar"). Ennkar called Woods and the putative class members after they had registered their phone numbers on the National Do Not Call Registry. Furthermore, Ennkar called Woods and the putative class members on their phones without the recipients' prior express written consent.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA also affords special protections for people who registered their phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their phone after being registered on the National Do Not Call Registry is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4. From January 2021 until August 2021, approximately 34.7 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited September 30, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

5. Woods is an individual who resides in Los Angeles County, California and is a citizen of the State of California.

6. Woods brings this action on behalf of herself and all others similarly situated.

7. Ennkar is a California corporation that is also headquartered in the State of California and, thus, a citizen of California. Ennkar has been in good standing to transact business at all times relevant to this Complaint.

8. Ennkar transacts business in California and throughout the United States.

CLASS ACTION COMPLAINT
CASE NO:
3

9. Ennkar offers mortgage lending services, including reverse mortgages.

10. Ennkar's website states that its goal is to "become the first & primary resource center for financing your home."

11. Ennkar markets its mortgage lending services, in part, through placing telephone calls to prospective customers' phones.

12. Woods is the owner of a phone. Her phone number is 323-XXX-1729.

13. Woods did not provide her phone number to be called by Ennkar.

14. Woods has no prior business relationship with Ennkar.

15. Woods never inquired of Ennkar about any of its services before or at the time she received the calls at issue.

16. Woods did not grant Ennkar consent to be called on her phone.

17. Woods registered her phone number on the National Do Not Call Registry on or about September 1, 2003.

18. Woods received at least five calls on her phone from Ennkar or someone working on its behalf. On information and belief, the purpose of all of these calls was to sell Woods Ennkar's mortgage services.

19. In early June or early July 2021, Woods received a call on her phone from Ennkar.

20. On or about July 21, 2021, Woods received a voicemail on her phone from Ennkar. The voicemail was a prerecorded voice concerning lowering her

mortgage rate.

21. On or about August 4, 2021, Woods received a voicemail on her phone from Ennkar. The voicemail was a prerecorded voice concerning lower her interest rate.

22. On information and belief, Woods received additional calls from Ennkar or someone acting on its behalf.

23. Ennkar's conduct violated the privacy rights of Woods and the putative class members, as they were subjected to annoying and harassing calls. Ennkar's calls intruded upon the rights of Woods and the putative class members to be free from invasion of their interest in seclusion.

24. Ennkar's conduct caused Woods and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

## Class Allegations

25. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Woods brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

26. Woods seeks to represent the following classes:

**Do-Not-Call Registry Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one telephone call from Ennkar during a 12-month period; and, (2)

were registered on the Do Not Call Registry for more than 31 days at the time the calls were received.

**Prerecorded Voice Class:** All persons with residential telephone lines during the time period from four years prior to the filing of this action until the date a class is certified, to whom Ennkar placed a prerecorded or artificial voice call.

27. Woods reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

28. The members of the proposed classes are so numerous that joinder of all members is impracticable. Woods reasonably believes that hundreds or thousands of people have been harmed by Ennkar's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to Ennkar or those acting on its behalf.

29. Members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

30. On information and belief, Ennkar has called and continues to call people who are registered on the National Do Not Call Registry. It is reasonable to expect that Ennkar will continue to make such calls absent this lawsuit.

31. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual

members. The questions of law and fact common to the proposed class include, but are not limited to:

    a.    Whether Ennkar placed prerecorded voice or artificial voice calls to the putative class members' residential telephone lines without first obtaining the proper form of consent from the putative class members;

    b.    Whether Ennkar placed prerecorded voice or artificial voice calls to the putative class members;

    c.    Whether Ennkar placed calls to Woods and the putative class members after they were registered on the National Do Not Call Registry more than 31 days;

    d.    Whether Ennkar's conduct violates 47 U.S.C. § 227(b);

    e.    Whether Ennkar's conduct violates 47 U.S.C. § 227(c);

    f.    Whether Ennkar's conduct violates the rules and regulations implementing the TCPA; and,

    g.    Whether Woods and the putative class members are entitled to increased damages for each violation based on the willfulness of Ennkar's conduct.

32.    Woods's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

33.    Woods and her counsel will fairly and adequately protect the interests of the members of the proposed class. Woods's interests do not conflict with the

interests of the proposed class she seeks to represent. Woods has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.

34. Woods's counsel will vigorously litigate this case as a class action, and Woods and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

35. A class action is superior to all alternative methods of adjudicating this controversy, including through individual lawsuits. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

36. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

37. Questions of law and fact, particularly the propriety of calling phone numbers registered on the National Do Not Call Registry, predominate over questions affecting only individual members.

38. Ennkar has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

**Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.***

39. Woods incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

40. The TCPA states, in part:

> It shall be unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes . . . .

47 U.S.C. § 227(b)(1)(B).

41. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

42. The penalty for initiating a call to a residential telephone line using an artificial or prerecorded voice is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(b)(3).

43. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

44. The penalty for each call placed in violation of the TCPA's restrictions on calling phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

45. In addition, the TCPA allows the Court to enjoin Ennkar's violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

46. By making calls to the phones of Woods and the putative class members after their numbers were registered on the National Do Not Call Registry, Ennkar violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

47. Ennkar knew or should have known that Woods and the putative class members had their numbers registered on the National Do Not Call Registry.

48. Woods and the putative class members are entitled to damages of $500.00 per violation for each call made by Ennkar and up to $1,500.00 per violation if the Court finds that Ennkar willfully violated the TCPA.

## Demand for Judgment

WHEREFORE Plaintiff, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Woods as the class representative;

b. Enter an order appointing Miller Shah LLP and Butsch Roberts & Associates LLC as class counsel;

c. Enter judgment in favor of Woods and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation of 47 U.S.C. § 227(b) and $500 per violation of 47 U.S.C. § 227(c), or up to $1,500 per violation of each subsection if Ennkar willfully violated the TCPA;

d. Enter a judgment in favor of Woods and the putative class that enjoins Ennkar from violating the TCPA's regulations prohibiting Ennkar from calling numbers registered on the National Do Not Call Registry;

e. Award Woods and the class all expenses of this action, and requiring Ennkar to pay the costs and expenses of class notice and administration; and,

f. Award Woods and the class such further and other relief the Court deems just and appropriate.

# **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a jury trial in this case.

Dated:  October 5, 2021 

Respectfully submitted,

/s/*James C. Shah*
James C. Shah (SBN 260435)
Kolin C. Tang (SBN 279834)
**MILLER SHAH LLP**
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
kctang@millershah.com

David T. Butsch (*pro hac forthcoming*)
Christopher E. Roberts (*pro hac forthcoming*)
BUTSCH ROBERTS & ASSOCIATES LLC
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Telephone: (314) 863-5700
Facsimile: (314) 863-5711
Email: DButsch@butschroberts.com
CRoberts@butschroberts.com

*Attorneys for Plaintiff Eleanora Woods*